## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEL M. MARIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-976-LPS |
| | : |
| COMERICA INCORPORATED, et al., | : |
| | : |
| Defendants. | : |

Mel M. Marin, Cleveland, Ohio, Pro Se Plaintiff.

Penelope B. O'Connell, Esquire, Eckert Seamans Cherin & Mellot, LLC, Wilmington, Delaware.

Robert J. Hannen, Esquire, Eckert Seamans Cherin & Mellot, LLC, Canonsburg, Pennsylvania.

 Counsel for Defendants.

## <u>MEMORANDUM OPINION</u>

August 8, 2014
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Mel M. Marin ("Marin") filed this civil action (D.I. 2) on July 24, 2012,

followed by an amended complaint on June 12, 2013 (D.I. 9).  Marin alleges damages as a result

of a hold placed on funds following his deposit of a check at a San Diego bank branch of

Defendant Comerica Incorporated ("Comerica").  Plaintiff proceeds *pro se* and has been granted

leave to proceed *in forma pauperis*.  (D.I. 4)  On February 28, 2013, the Court ordered the parties

to brief the issue of whether the United District Court for the Southern District of California is a

more convenient venue for this matter.[1]  (*See* D. I. 7)  Defendants filed a brief (D.I. 14)

responsive to the Order, but Marin did not.  Thereafter, Defendants filed a motion to dismiss for

lack of personal jurisdiction and improper venue.  (*See* D.I. 16)  Marin sought additional time to

respond to the motion and the Court granted the motion.  (D.I. 19, 21)  Despite the extension,

Marin did not file a response to the motion to dismiss.  For the reasons discussed below, the

Court will deny the motion to dismiss without prejudice to renew, and will order the action

transferred to the United District Court for the Southern District of California.

## II.   BACKGROUND

In the original complaint, Marin provided an address in San Diego, California.  He has

since moved to Ohio.  Comerica is incorporated in Delaware and headquartered in Dallas, Texas;

---

[1]The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion.  District Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the Court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g., Johnson v. U.S. Bancorp*, 2012 WL 1133689 (D. Del. Mar. 30, 2012); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003).

Defendant Ralph Babb ("Babb") has his office in Dallas Texas; and Defendant Frank Peraino ("Peraino") has his office in Detroit, Michigan.

The amended complaint states that this District is the proper venue because "Comerica is domiciled and incorporated in Delaware and Babb and Peraino control the corporation as alter egos, by and through Delaware and Delaware laws." (D.I. 9 at ¶ 1) The amended complaint alleges that on July 29, 2011, a Comerica teller at the Point Loma branch in San Diego, California, advised Marin that he did not have to endorse a check made payable to his mother from her nursing home. He was also advised there would be no hold on the check. Marin discovered on August 4, 2011 that a hold had been placed on the funds, and they were not available. There had been no problem when Marin had presented a similar check to Comerica in 2009.

Marin had discussions with bank personnel and was advised that the hold had been placed as a result of an expired power of attorney. Marin had previously submitted to Comerica a power of attorney executed by his mother in 1997 when the account was opened. Comerica froze the account.

In August 2011, Marin provided Babb, president and CEO of Comerica, a copy of the power of attorney and copies of the family trust. Babb refused to direct Comerica to lift the hold. In September 2011, Peraino, a bank employee and attorney, sent a letter to Marin regarding the matter. Defendants continue to hold Marin's money.

The amended complaint contains seven counts, as follows: (1) conversion against Comerica; (2) conspiracy to commit conversion against Babb and Peraino; (3) interference with a contract against Comerica; (4) interference with expectation, economic advantage, or career

2

against Comerica; (5) interference with expectation or trade against Babb and Peraino; (6) fraud against Comerica; and (7) refusal to settle against all Defendants.

## III.   DISCUSSION

### A.   28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of the parties and witnesses and in the interests of justice.  Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

"Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  The deference afforded a plaintiff's choice of forum will ordinarily apply as long as a plaintiff has selected the forum for some legitimate reason.  *See Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

Although "there is no definitive formula or list of factors" to consider in assessing whether to transfer, typically a series of private and public interests are considered.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1994).  The private interests include:

3

(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference;
(3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their
relative physical and financial condition; (5) the convenience of the witnesses but only to the
extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location
of books and records (similarly limited to the extent that the files could not be produced in the
alternative forum). *See id.* The public interests include: (1) the enforceability of the judgment;
(2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the
relative administrative difficulty in the two fora resulting from court congestion; (4) the local
interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the
familiarity of the trial judge with the applicable state law in diversity cases. *See id.*

**B.**      **Forum**

Defendants state that the action could have been filed in the Southern District of
California given that a substantial part of the events or omissions giving rise to the claim
occurred in San Diego, California. The Court perceives no basis to disagree with this contention.

In viewing all the *Jumara* factors, the Court finds that the balance is strongly in favor of a
transfer under § 1404. The alleged facts giving rise to the complaint occurred in California.
Although he filed this action in Delaware, Marin is not a resident of Delaware and, at the time he
filed the lawsuit, he provided a California address. Documents, witnesses, and evidence are
located in the Southern District of California, while none of these appear to be present in
Delaware. Given the fact that the alleged wrongs occurred in California, the Southern District of
California has a stronger interest in deciding the dispute and, for those claims raised under
California law, the presiding judge will have more familiarity with the applicable law.

4

Plaintiff (having apparently moved to Ohio) is more closely situated to Delaware than to southern California, however, as Defendant asserts, Plaintiff has "availed himself of California's courts eight times within the past three (3) years, and . . . currently [as of September 2013] has at least three cases pending in California, one of which [Marin] filed in the United States District Court for the Southern District of California." (D.I. 14 at 6; *see also* D.I. 16 Ex. A)  There is nothing in the record to indicate that litigating in California would impose a severe financial hardship on either side.  Plaintiff will have to travel a significant distance whether this case proceeds in California or Delaware, and at the time he filed suit he was evidently willing and able to travel cross-country (from California to Delaware) for this lawsuit.[2]

In sum, despite the deference afforded to Marin's choice of forum, the balance of factors is strongly in favor of a transfer to the United States District Court for the Southern District of California.

## IV.   CONCLUSION

For the above reasons, the Court will order the action transferred to the United States District Court for the Southern District of California, and will deny without prejudice to renew the pending motion to dismiss.  (D.I. 16)

An appropriate Order follows.

---

[2]The trip from Cleveland to California, which Plaintiff may have to make as a result of transfer, is shorter than the trip from Calfornia to Delaware.