# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL M. MARIN,<br><br>Plaintiff,<br><br>v.<br><br>COMERICA INCORPORATED, ET AL.,<br><br>Defendants. | CASE NO. 14cv1962-GPC-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS;**<br><br>**(2) DENYING AS MOOT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE;**<br><br>**(3) VACATING HEARING DATE**<br><br>[Dkt. No. 33.] |

On November 24, 2014, Defendants Comerica Incorporated, Ralph Babb, Jr., and Frank Peraino ("Defendants") filed a Motion to Dismiss Plaintiff Mel M. Marin's ("Plaintiff") First Amended Complaint, as well as a supporting Request for Judicial Notice. (Dkt. No. 33.) The Court set a briefing schedule requiring Plaintiff to file a response by December 22, 2014. (Dkt. No. 35.) To date, Plaintiff has not filed an opposition.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local

- 1 -

rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition. *See Ghazali*, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal.

Because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendants' unopposed Motion to Dismiss. The Court's docket reflects that Plaintiff was served with a copy of the motion and the Court's briefing schedule. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as unopposed. *See* Civ. Local R. 7.1.f.3.c; *see also Ghazali*, 46 F.3d at 53. In addition, the Court **DENIES AS MOOT** Defendants' Request for Judicial Notice, without prejudice to any later re-filing.

IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' Motion to Dismiss, currently set for January 16, 2015 at 1:30 p.m., is **VACATED**.

**IT IS SO ORDERED.**

DATED: January 9, 2015

HON. GONZALO P. CURIEL
United States District Judge